[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS AND PLAINTIFF'S APPLICATION FOR ORDER OF NOTICE
The City of Bristol and its Board of Education (Plaintiffs) bring this action for a declaratory judgment and injunctive relief against the Connecticut State Board of Mediation and Arbitration (SBMA); and two Bristol employee organizations (BEO). SBMA moves to dismiss claiming the court lacks subject matter jurisdiction because (1) plaintiffs have not complied with "Conn. Gen. Stats. 4-175 et seq."; (2) plaintiffs have failed to comply with Conn. Gen. Stats.52-29 and Connecticut Practice Book 390(b) and (d), and (3) they are immune under the doctrine of sovereign immunity.
Facts Alleged
As a result of some collective bargaining requests the parties sought the mediation service of SBMA. Thereafter the BEO asked SBMA that fact-finding be started to resolve the issues between the parties. A fact finder was designated on or about December 14, 1988 and the fact-finding proceedings began in February 1989.
On July 14, 1989 the fact finder issued his Report and Recommendations (Report) with respect to the dispute. They CT Page 947 were served on the parties on July 16, 1989.
On August 3, 1989 the BEO notified the plaintiffs that they were rejecting the Report.
On August 8, 1987 SBMA notified the parties that it was imposing binding arbitration under Conn. Gen. Stats.7-473c(a). The plaintiffs objected to that imposition on August 18, 1989 because, inter alia, there was no valid rejection of the Report and that the report with its recommendations was final and binding.
On November 20, 1989 SBMA found the rejection of the Report to be valid and on December 1, 1989 ordered the parties to proceed with the arbitration. Over plaintiffs' continued objections the parties were ordered to take the preliminary steps to proceed with arbitration. This suit was begun March 29, 1990.
LAW
 Conn. Gen Stats. 52-29 and Conn. Practice Book 390(d)
Our Practice Book 390(d) requires that "all persons having an interest in the subject matter of the [declaratory judgment] complaint are parties to the action or have reasonable notice thereof." Defendants claim that the requested declaration "regarding the validity of an early rejection of a fact finder's report has consequences for all parties [sic] who use the services of the SBMA for fact-finding and interest arbitration." As a result, the defendants argue, "all such parties" must be given notice of the action. This argument would require that for any interpretation of law made by SBMA that all present and future users of the services of SBMA in this state be notified of this action. The court does not believe the practice book ever contemplated such a rule.
Defendants' motion and original brief have given this court no indication of who the parties to be notified might be other than "all . . . who use the services of the SBMA for fact finding and interest arbitration." However, in their reply brief the defendants have suggested mail notice to all municipalities and "their employee organizations" because they "can be readily identified."
The plaintiffs, although clearly denying the need for notice to other persons, in the alternative suggest that notice be given "to the municipal employers and employee organizations of the State by" publication in four newspapers. Such an order CT Page 948 is the best way to ensure that "the rights of no man [or organization] shall be judicially determined without affording him [or it] a day in court and an opportunity to be heard." Tucker v. Maher, 192 Conn. 460, 469. The proposed order of notice dated April 10, 1990 constitutes reasonable notice.
Because new parties may join the court, after review, has not made a decision in regard to the other claims to dismiss.
The motion to dismiss is denied. The application for order of notice is granted.
N. O'NEILL, J.